[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves, under P.B. § 43-22, to correct purportedly illegal sentences which were imposed upon him in the above-captioned files. In CR97-98477, the movant received seven year prison sentences on each of two counts of illegal sale of narcotics, General Statutes §21a-278 (b). In CR97-97938, he received one year jail sentences on a count of larceny fourth degree, General Statutes § 53a-125, and on a count of failure to appear second degree, General Statutes 53a-173. In CR97-99322, he received a one year jail sentence on a count of illegal possession of a controlled substance, General Statutes § 21a-279 (c).
The movant claims that these sentences were illegal because the court CT Page 4653 failed to recognize that these offenses were committed as a result of his drug addiction and because his defense attorney misadvised him during the disposition phase of his cases. Section 43-22 is unavailable to remedy such claims. It is not a substitute or alternative procedure for sentence modification or sentence review. It is available only to rectify an illegal sentence.
A sentence is not illegal if it falls within the range permitted by statute for the particular violation at hand, State v. Davis,190 Conn. 327, 335 (1983); State v. Elliott, 8 Conn. App. 566, 574
(1986). The maximum prison term statutorily permitted for larceny fourth degree, failure to appear second agree, and illegal possession of a controlled substance under § 21a-279 (c) is one year. The maximum prison term for a violation of § 21a-278 (b) is twenty years for a first offender. All of the sentences imposed by the court fall within the range permitted by statute, and, therefore, they are legal sentences.
Inadequate representation claims must be addressed by way of habeas corpus petition and not under Practice Book § 43-22, State v. Davis,
supra.
The motion to correct is denied.
Sferrazza, J.